

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2008

# Murray v. Marina Dist Dev Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1147

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Murray v. Marina Dist Dev Co" (2008). *2008 Decisions.* Paper 1065.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1065

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1147

JAMIE MURRAY; SARAH MARTIN

Appellants

v.

MARINA DISTRICT DEVELOPMENT COMPANY,
d/b/a Borgata Casino

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. No. 06-cv-00583)
District Judge: Hon. Luis Felipe Restrepo

Submitted under Third Circuit LAR 34.1 (a)
March 7, 2008

Before: FISHER, GREENBERG and ROTH, <u>Circuit Judges</u>

(Opinion filed June 4, 2008)

O P I N I O N

**ROTH,** <u>Circuit Judge</u>:

This case involves a claim by appellants, Jamie Murray and Sarah Martin, against casino hotel operator, Marina District Development Co., LLC, alleging negligence for failure to provide adequate security in the parking lot of one of its properties. Appellants contend that the District Court erred by excluding the testimony of their casino security expert and by failing to conduct a *Daubert* hearing prior to its ruling. For the reasons stated below, we will affirm the judgment of the District Court.

## I. BACKGROUND

As the facts are well known to the parties, we will summarize only those pertinent to this appeal.

On February 8, 2006, Murray and Martin filed a complaint in the United States District Court for the Eastern District of Pennsylvania, stating claims against Marina for negligence in connection with an assault on them by an unidentified male in the parking lot of Marina's Borgata Hotel, Spa and Casino in Atlantic City, New Jersey.[1] During pre-trial discovery, Murray and Martin produced a report prepared by their expert, Andrew P. Sutor, in which he opined that Marina was negligent because it failed to provide adequate security at the Borgata and deviated from industry standards. While Sutor's report cited multiple deficiencies in the Borgata's security system as contributing factors to the assault on Murray and Martin, there was no identification of applicable industry standards for casino security or discussion of the methodology employed in formulating his opinion. Moreover, at his July

---

[1]The complaint also contained a dram shop claim which appellants later dismissed.

13, 2007, deposition, Sutor acknowledged there were very few written standards in existence for hospitality industry security and stated that he was in the process of "writing the standards" for publication.[2]

On December 11, 2006, Marina filed a motion *in limine* seeking to exclude Sutor's testimony on the basis that his expert opinions were unreliable because they were not based on any industry standards and did not purport to employ any methodology. Murray and Martin filed a reply brief citing to Sutor's qualifications as a security expert and asserting that Sutor himself set the security standards for the casino industry.

On December 22, 2006, the District Court granted Marina's motion *in limine*. The District Court found that, although Sutor was qualified as an expert, his expert report and deposition testimony "fail[ed] to demonstrate that he has a reliable methodology for evaluating security measures in casinos given the fact that: (1) he did not cite to any established industry standard for his opinions on requisite necessities for adequate security, and (2) he did not provide any explanation that could be tested or subjected to peer review as to how he reached his opinions . . .." The District Court determined that Sutor's testimony at trial would be no more than a "subjective belief or unsupported speculation" rather than "methods or procedures of science." Accordingly, the District Court concluded that such

---

[2]When asked by Marina's counsel "can we agree that there are no published standards on how many [security] cameras one operator can operate at present," he replied that "It's a work in progress. It's in my book. I'm writing a book on standards." When Marina's counsel asked if there were no other published standards other than his work, Sutor responded, "Yeah, I guess so, that's why I'm writing it."

testimony is unreliable under the reliability factors articulated in *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993), and thus inadmissible under Fed. R. Evid. 702.

On January 4-11, 2007, a jury trial was held. At the end of trial, the jury returned a verdict in favor of Marina. Murray and Martin appealed.

## III.  DISCUSSION

The District Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

Murray and Martin contend on appeal that the District Court erred when it excluded Sutor's expert testimony and failed to conduct a *Daubert* hearing. We review a district court's decision to exclude expert opinions for abuse of discretion. *General Elec. Co. v. Joiner*, 522 U.S. 136, 143 (1997). We also review a district court's decision to decide a motion *in limine* without a hearing for abuse of discretion. *Kuhmo Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999).

As a threshold matter, we must determine whether the District Court abused its discretion by failing to hold a *Daubert* hearing before ruling on the reliability of Sutor's expert opinion. Although we have long recognized "the importance of *in limine* hearings under Rule 104(a) in making the reliability determination required under Rule 702 and *Daubert*," it is within the discretion of a district court to determine whether such hearing is necessary. *Padillas v. Stork-Gamco, Inc.*, 186 F.3d 412, 417-18 (3d Cir.1999). We have previously recognized that failure to hold a hearing constitutes an abuse of discretion where the evidentiary record is insufficient to allow a district court to determine what methodology

4

was employed by the expert in arriving at his conclusions. *Id.* at 418.

We conclude that when the District Court granted Marina's motion *in limine*, it had a sufficient factual record before it to ascertain Sutor's methodology and make a proper reliability determination under *Daubert*. *See Kuhmo*, 526 U.S. at 142, 152; *see also Oddi v. Ford Motor Co.*, 234 F.3d 136, 154 (3d Cir. 2000). The record before the District Court included Sutor's expert report, his deposition testimony, and the parties' briefs. Given this record, we see no benefit in holding a *Daubert* hearing.

Next, we must determine whether the District Court abused its discretion in failing to admit Sutor's testimony under Fed. R. Evid. 702 on the basis of unreliability. Rule 702 provides:

> If scientific, technical, or *other specialized knowledge* will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) *the testimony is based upon sufficient facts or data*, (2) *the testimony is the product of reliable principles and methods*, and (3) *the witness has applied the principles and methods reliably to the facts of the case*.

Fed. R. Evid. 702 (2006) (emphasis added). The factors to be taken into consideration when evaluating the reliability of a particular methodology include:

> (1) whether a method consists of a testable hypothesis; (2) whether the method has been subject to peer review; (3) the known or potential rate of error; (4) the existence and maintenance of standards controlling the technique's operation; (5) whether the method is generally accepted; (6) the relationship of the technique to methods which have been established to be reliable; (7) the qualifications of the expert witness testifying based on the methodology; and (8) the non-judicial uses to which the method has been put.

*Elcock v. Kmart Corp.*, 233 F.3d 734, 745-46 (3d Cir. 2000) (citing *U.S. v. Downing*, 753

5

F.2d 1224, 1238-41) (3d Cir. 1985)). As we recognized in *Elcock*, "this list is non-exclusive and . . . each factor need not be applied in every case." *Id.* at 746.

After careful review of the record and consideration of the *Daubert* reliability factors, we conclude that the District Court did not abuse its discretion in excluding Sutor's opinions. In particular, we agree that Sutor's report and deposition testimony fail to demonstrate any methodology, let alone peer-reviewed or generally accepted methodology, underlying his opinion that the Borgata security system was inadequate and constituted a deviation from industry standards. While Sutor's report identifies purported security deficiencies, he fails to identify the source of any industry standards, obligations or duties allegedly applicable to Marina or provide the methodology he used to arrive at his opinions. Furthermore, when questioned at his deposition regarding the existence of casino security industry standards, Sutor responded that there were "very few" standards and he was writing the standards for the industry, but that it was a "work in progress." Accordingly, we agree that Sutor's testimony would be no more than a "subjective belief or unsupported speculation," rather than "methods or procedures of science," *see Oddi*, 234 F.3d at 158, and thus would not assist the jury in understanding or determining a fact in issue, as required under Fed. R. Evid. 702 and *Daubert*.

## IV. **CONCLUSION**

Because we conclude there was no abuse of discretion, we will affirm the judgment of the District Court.

6